IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-551-BO

| | |
|---|---|
| MICHAEL TYLER, )<br>)<br>      Appellant, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A. and BANK )<br>OF AMERICA, N.A., )<br>)<br>      Appellees. ) | O R D E R |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on Michael Tyler's *pro se* appeal of an order of the United States Bankruptcy Court for the Eastern District of North Carolina entered October 26, 2017. [DE 1-1]. The appeal has been fully briefed and is ripe for review. For the reasons that follow, the decision of the bankruptcy court is affirmed.

BACKGROUND

On July 31, 2017, debtor-appellant Tyler filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. [DE 3-1]. On August 28, 2017, Bank of America, N.A., filed a motion for relief from the automatic stay provided by 11 U.S.C. § 362, and on September 14, 2017, filed an amended motion for relief from automatic stay. [DE 3-3; 7-2]. In its amended motion, Bank of America argued that on the date of the filing of the Chapter 7 petition, Tyler and Sarah Chapman were the owners of real property located at 920 Arbor Greene Dr. in Garner, North Carolina more particularly described in a deed of trust. Bank of America further argued that the

deed of trust secures a note in favor of Guaranty Residential Lending, Inc., in the original principal amount of $169,432.00 dated July 12, 2004. The property is subject to a first lien of Bank of America by the deed of trust, and Tyler, the debtor, had defaulted in the payment of the mortgage payments. A corporate assignment of the deed of trust to Bank of America, National Association was executed November 9, 2011, and recorded by the Wake County Register of Deeds on November 21, 2011. [DE 7-2].

After holding a hearing at which Tyler appeared *pro se*, the bankruptcy court granted the amended motion for relief from the automatic stay provided by 11 U.S.C. § 362 and permitted Wells Fargo Bank, N.A., servicer for Bank of America, N.A., or any successor in interest to proceed with foreclosure of Tyler's real property located at 920 Arbor Greene Dr. in Garner, North Carolina. Tyler appeals the bankruptcy court's order granting relief from the automatic stay, arguing that Wells Fargo has not demonstrated that it is the real party in interest and that it was error for the bankruptcy court to fail to rule on Tyler's objections to the motion for relief from automatic stay which argued the same.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the

2

bankruptcy court are reviewed *de novo*. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed *de novo*. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

The bankruptcy code permits a party in interest to file a motion for relief from the automatic stay otherwise imposed on the filing of a bankruptcy petition. 11 U.S.C. § 362(d). After holding a hearing, the bankruptcy court shall terminate, modify, or condition the automatic stay on a showing by a party in interest that, *inter alia*, there is a lack of adequate protection of an interest in property of the movant. *Id.* § 362(d)(1). A real party in interest generally is a person or entity "who possesses the right to enforce the claim and who has a significant interest in the litigation." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973). In this context specifically, a real party in interest has been defined as the party entitled to enforce the note and mortgage. *In re Robinson*, No. 07-02146-8-JRL, 2011 WL 5854905, at *2 (Bankr. E.D.N.C. Nov. 22, 2011). Relief from stay hearings are summary in nature, and require only a determination that a creditor has a colorable claim. *In re Sears*, No. 12-32315, 2013 WL 2147803, at *7 (Bankr. W.D.N.C. May 16, 2013) (citations omitted).

North Carolina law provides that a note secured by a deed of trust which is endorsed in blank is enforceable by the party in possession. N.C. Gen. Stat. § 25-3-205(b). North Carolina General Statute § 47-17.2 further provides that, in order to effect a valid assignment of a note and deed of trust or mortgage, it is not necessary to record a written assignment in the register of deeds office, and that a transfer of the promissory note or instrument secured by the deed of trust or mortgage shall be an effective assignment. *See also Greene v. Tr. Servs. of Carolina, LLC*, 244 N.C. App. 583, 593 (2016). In other words, the right to enforce a deed of trust follows the note, and no formal assignment is required. *In re Robinson*, 2011 WL 5854905, at *3.

Here, the bankruptcy court held a hearing and heard testimony that Wells Fargo was servicing the loan for Bank of America and that the loan had not been satisfied and was delinquent. [DE 4] 19 October 2017 Hrg. Tr. at 8. Tyler was given an opportunity to question the Wells Fargo representative giving evidence but declined to do so.

The note, which was attached to the amended motion for relief from stay, shows an endorsement from Guarantee Residential Lending, Inc. to Wells Fargo, and an endorsement from Wells Fargo to blank. [DE 7-2 at 6]. As discussed above, under North Carolina law, the right to enforce the deed of trust follows the note. The bankruptcy court did not err in accepting the evidence attached to the amended motion for relief, and there was no evidence before the bankruptcy court to suggest that the note was fraudulent. *See* Fed. R. Evid. 902(9) (commercial paper and related documents deemed self-authenticating); *In re Robinson*, 2011 WL 5854905, at *3 (absent evidence of fraud, deed of trust follows note and holder of note has right to the interest securing the note without formal assignment).

"It is generally accepted that a loan servicer is a 'party in interest' and has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage." *In re Sears*, 2013 WL 2147803, at *8. Thus, Wells Fargo, as servicer of the loan for Bank of America, is a party in interest with standing to seek relief from the automatic stay. As the loan was in default, and no evidence to the contrary was presented, the note holder's interest would not be adequately protected, and relief from the automatic bankruptcy stay was appropriate.

Tyler's reliance on *In re Jacobson*, 402 B.R. 359 (Bankr. W.D. Wash. 2009), to argue that a servicing agent does not have standing to file a motion for relief from the automatic stay is misplaced. The *Jacobson* court concluded that

> The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced. Even if a servicer or agent has authority to bring

the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel.

402 B.R. at 366. Here, the amended motion for relief from stay was brought by Bank of America N.A., the note holder. Moreover, to the extent that *In re Jacobson* would suggest a different result from the bankruptcy court's holding in this case, that decision is not controlling here, and the general view accepted in this jurisdiction is that a loan servicer *is* a real party in interest with standing to seek relief from stay under § 362. *In re Neals*, 459 B.R. 612, 617 (Bankr. D.S.C. 2011) (listing cases holding same).

Accordingly, the bankruptcy court correctly determined, after conducting a hearing and based on the evidence presented, that relief from the automatic stay under 11 U.S.C. § 362(d) was appropriate with respect to Tyler's real property located at 920 Arbor Greene Dr., Garner, North Carolina, due to a lack of adequate protection. Although Tyler has raised additional issues in his briefs, the Court finds no other error with respect to the bankruptcy court's decision.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.

SO ORDERED, this /0 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE